**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
In re:                                    :
                                          :    Chapter 11
LEOMINSTER MATERIALS CORPORATION    :    Case No. 05-42488
                                          :
                    Debtor                :
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**ORDER ON OBJECTION TO PROOF OF CLAIM**

The Objection to the Proof of Claim of First Fidelity Corporation [#136], which proof of claim was filed by the Debtor on First Fidelity's behalf pursuant to Fed. R. Bank. P. 3004, asks this Court to determine the amount to the amount allowable to First Fidelity because the claimant failed to provide the Debtor with an accounting. In September 2006 First Fidelity filed a Response [#144] in which it stated it provided the Debtor with an accounting included in the Response "along with additional computation information regarding the interest and other charges." It also represented it intended to file a proof of claim. It made that same representation at the hearing on October 5, 2006. To date, First Fidelity has not filed its own proof of claim.

At the hearing on the Objection, the Debtor submitted a "chaulk" that contains the same accounting of the principal, interest, deferred interest, late fees, prepayment penalty, and legal fees that First Fidelity set forth in the Response. The Debtor does not dispute any part of the accounting except the late fees. First Fidelity alleges it is entitled to $115,012.85 in late fees that were incurred prepetition or when the note was accelerated while the Debtor argues that no late fees should be included in the claim as they are duplicative of the default interest rate. At the hearing First Fidelity offered no

evidence of the periods of time to which the late fees apply. Although ordered to file a memorandum within 21 of the date of the October hearing, which memorandum the Court intended would clarify whether, and how much of the late fees relate to the prepetition period and when the acceleration occurred, it has failed to do so. All that this Court was given was First Fidelity's counsel statement that the charge of $78,867.00 was charged to the loan when it was accelerated one year prior to the Debtor's bankruptcy. This statement is not evidence. Therefore First Fidelity has failed to carry its burden to show that the late fees, charged on a loan which also carries a default interest rate, is not excessive. *National Northway Limited Partnership*, 2002 WL 32397334 (Bankr. D. Mass.)

So much of the Objection which requests that the late fees be stricken is SUSTAINED.

Dated: December 5, 2005

_____
Joel B. Rosenthal
United States Bankruptcy Judge